IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLY J. RICHARDSON, and JAMES
POWELL, personally and as next friend for
I.R., a minor, and S.P., a minor,

           Plaintiffs,

   v.

EMILIE SCHUBERT, in her individual
capacity, GINGER VAN WINKLE, in
her individual capacity, ERIN WIRTZ,
in her individual capacity, JENNIE SMITH,
in her individual capacity, KRISTIN LEMON,
in her individual capacity, CARLOS CRUTCH,
in his individual capacity, LINDSEY VERNOOY,
in her individual capacity, DANIELLE SANTILI-DAY,
in her individual capacity,

           Defendants.

No 3:14-cv-01027-ST

ORDER

HERNÁNDEZ, District Judge:

     Magistrate Judge Stewart issued a Findings and Recommendation [112] on October 30, 2015, in which she recommends that this Court deny in part and grant in part the motion for summary judgment filed by Defendants Emilie Christman (formerly Schubert) and Ginger Van

1 - ORDER

Winkle, (collectively, "Arizona Defendants"). The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Plaintiffs filed timely objections to the Magistrate Judge's Findings & Recommendation. When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Plaintiffs object to Judge Stewart's conclusion that Arizona Defendants are entitled to absolute immunity for any actions they took after they received an Oregon court order giving custody of minor I.R. to the Oregon State Department of Human Services (ODHS). According to Plaintiffs, an Oregon court order does not have efficacy in Arizona until an Arizona court orders the Arizona employees to comply with the Oregon order. Because Arizona Defendants did not receive any such order from an Arizona court, Plaintiffs argue that Arizona Defendants are not entitled to absolute immunity for complying with the Oregon court order.

Plaintiffs' argument focuses on the fact that there were procedural events that the Arizona Defendants had to accomplish prior to complying with the Oregon order. Notably, Plaintiffs do not dispute that the Oregon order was facially valid nor do Plaintiffs dispute that the Oregon court had the ability to enter a protective custody order.[1] Nor do Plaintiffs offer any argument to refute the settled law that employees, such as the child safety workers in this case, are accorded absolute quasi-judicial immunity from liability for damages stemming from executing a facially valid court order. See Coverdell v. Dep't of Soc. & Health Servs., State of Wash., 834 F.2d 758,

---

[1] There is a genuine issue of material fact as to whether ODHS workers made false statements and/or material omissions to the Oregon court in support of ODHS' request for protective custody of I.R. See Findings & Recommendation, June 5, 2015, ECF 84 at 13. However, that issue goes to whether the ODHS workers are entitled to immunity for their actions, not to whether the order, once issued, was valid.

765 (9th Cir. 1987). As the Ninth Circuit has explained: "The rationale for immunizing persons who execute court orders is apparent. Such persons are themselves 'integral parts of the judicial process.'" Id. (quoting Briscoe v. LaHue, 460 U.S. 325, 335 (1983). "The fearless and unhesitating execution of court orders is essential if the court's authority and ability to function are to remain uncompromised." Id.

Plaintiffs suggest that Arizona Defendants acted in bad faith to "create[] a situation in which the Oregon defendants' falsehoods would not easily be discovered and thereby be successful to obtain the Oregon court order." Pl.'s Obj. 4, ECF 114. However, Judge Stewart cites Arizona Defendants' declarations, which Plaintiffs do not contest, stating that ODHS worker Erin Wirtz decided to seek an order from the Oregon court to take temporary custody of I.R. and, until June 27, 2012, Arizona Defendants had no knowledge that Wirtz had succeeded in obtaining the court order. At the point when ODHS arrived in Arizona with the Oregon court order, Arizona Defendants merely obeyed the valid court order and, therefore, they are entitled to the normal degree of quasi-judicial immunity.

Plaintiffs are not without remedy, however. Judge Stewart denied Arizona Defendants' request for immunity for any actions taken prior to June 27, 2012, the date on which ODHS arrived in Arizona and Arizona Defendants became aware of the Oregon court order. Therefore, Plaintiffs will have an opportunity at trial to allege that Arizona Defendants acted in bad faith prior to their compliance with the Oregon court order.

The Court has carefully considered Plaintiffs' objections and concludes there is no basis to modify the Findings & Recommendation. The Court also reviewed the pertinent portions of the record *de novo* and finds no other errors in the Magistrate Judge's Findings & Recommendation.

3 - ORDER

CONCLUSION

The Court ADOPTS Magistrate Judge Stewart's Findings & Recommendation [112]. Accordingly, Arizona Defendants' Motion for Summary Judgment [95] is granted as to the claims against Arizona Defendants after receipt of the Oregon court order on June 27, 2012, and is otherwise denied.

IT IS SO ORDERED.

DATED this 28 day of December, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge

4 - ORDER