UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **KELLY J. RICHARDSON and JAMES POWELL, personally and as next friend for I.R. a minor, and S.P., a minor,** | |
| Plaintiffs, | Case No. 3:14-cv-01027-YY |
| v. | **FINDINGS AND RECOMMENDATION** |
| **EMILIE SCHUBERT, GINGER VAN WINKLE, ERIN WIRTZ, JENNIE SMITH, KRISTIN LEMON, CARLOS CRUTCH, LINDSEY VERNOOY, and DANIELLE SANTILI-DAY,** | |
| Defendants. | |

**YOU, Magistrate Judge:**

## INTRODUCTION

Plaintiffs, Kelly Richardson ("Richardson") and James Powell ("Powell"), are the adoptive parents of plaintiff I.R.[1] who was removed from their custody after they temporarily left her in Arizona with her biological mother, Kerrie Phelps ("Mrs. Phelps"). Two of the defendants ("Arizona defendants") are child safety workers ("CSW") for the Arizona Department of Child

---

[1] The remaining plaintiff is Richardson and Powell's biological daughter, S.P, who is not included as a plaintiff in the procedural due process claim — the only claim at issue in the current motion.

1 – FINDINGS & RECOMMENDATION

Safety ("ADCS"), Emilie Christman (formerly Schubert) ("Christman") and her supervisor, Ginger Van Winkle ("Van Winkle"). They seized I.R. while she was visiting Mrs. Phelps and returned her to the Oregon State Department of Human Services ("ODHS"), which then placed I.R. in foster care, instead of returning her to her parents. The other six defendants are employees of ODHS ("Oregon defendants").

The First Amended Complaint alleges claims: (1) against all defendants under 42 USC § 1983 for depriving all plaintiffs of their right to a familial relationship under the Fourteenth Amendment; (2) against the Oregon defendants for intrusion into seclusion and intentional infliction of emotional distress; and (3) against the Arizona defendants under 42 USC § 1983 for depriving I.R. of her right to be free from unreasonable seizure under the Fourth Amendment and plaintiffs for their right to procedural and substantive due process under the Fourteenth Amendment.

This court has granted summary judgment in favor of the Oregon defendants, except as to defendants Erin Wirtz ("Wirtz") and Jennie Smith based on their prosecutorial conduct that resulted in issuance of the protective order on June 26, 2012 (docket #98). The court has also granted summary judgment in favor of the Arizona defendants based on their quasi-judicial conduct in turning I.R. over to the Oregon defendants on June 27, 2012, pursuant to a valid Oregon court order (docket #127). Plaintiffs have now filed a Motion for Partial Summary Judgment (docket #134) against the Arizona defendants for their violation of plaintiffs' procedural due process rights (Count 3). For the reasons stated below, plaintiffs' Motion for Partial Summary Judgment should be denied.

///

///

2 – FINDINGS & RECOMMENDATION

**STANDARDS**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. FRCP 56(a). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett*, 477 US 317, 323 (1986). On a motion for summary judgment, the court "draws all justifiable inferences in favor of the non-moving party." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F3d 1119, 1125 (9th Cir 2014), citing *Anderson v. Liberty Lobby, Inc.*, 477 US 242, 255 (1986).

**UNDISPUTED FACTS**

The undisputed facts are set forth in the court's prior Findings and Recommendation regarding the Arizona defendants (docket #112) and the parties have submitted no new facts to support this motion. Because the parties have summarized the facts in their submitted concise statements of material facts (docket ## 136 and 140), there is no need to repeat them here.

**FINDINGS**

In Count 3, I.R. and her parents allege that the Arizona defendants violated their Fourteenth Amendment procedural due process rights when they seized I.R. and "delivered her into the custody of the State of Oregon without providing a hearing." First Amended Complaint, ¶¶ 47–49.[2] As discussed below, there is a genuine issue of material fact regarding this claim and plaintiffs' motion for summary judgment therefore should be denied.

---

[2] Plaintiffs' supporting memorandum (docket #135) states that Counts One and Two "are addressed in this motion." As summarized above, it is Count Three, not Counts One and Two, that alleges procedural due process violations. Because the motion, not the supporting memorandum, is the operative document under Local Rule 7-1 and the

I.   **Qualified Immunity**

The Arizona defendants first argue that plaintiffs cannot prevail on this motion because a jury could find their actions were shielded by qualified immunity.  A prior ruling of this court found that a genuine issue of material fact prevented the court from granting qualified immunity to the Arizona defendants for their removal and custody of I.R. up until transferring the child to the Oregon authorities:

> Assuming the facts in favor of I.R. and [her parents], Rothpletz knew that Richardson would immediately retrieve I.R., if necessary.  Either Van Winkle and Christman are charged with this same knowledge, which eliminates the need for an immediate removal of I.R., or they were incompetent by not doing any further investigation.  Accordingly, their conclusion that Richardson had intentionally abandoned I.R. is entirely unreasonable.  Absent that conclusion, they had no objective basis on which to mistakenly conclude that I.R. faced an imminent threat if not removed immediately.  Thus, a material issue of fact precludes the Arizona defendants from obtaining qualified immunity for their actions prior to receipt of the Oregon court order on June 27, 2012.

Findings and Recommendations (docket #112), p. 22, adopted by Order (docket #127) dated December 28, 2015.

This ruling does not foreclose a ruling in favor of plaintiffs' motion for summary judgment on a procedural due process violation.  The denial of qualified immunity is appropriate only when:

> (1) the facts alleged, taken in the light most favorable to the party asserting injury, show that the officer's conduct *violated a constitutional right*, and (2) the right at issue was clearly established at the time of the incident such that a reasonable officer would have understood [his] conduct to be unlawful in that situation.

*Green v. City & Cnty. of S.F.*, 751 F3d 1039, 1051–52 (9th Cir 2014) (emphasis added).  Thus, a jury would have to decide whether a constitutional right has been violated before it issues a

---

substance of plaintiffs' motion argument addresses defendants' procedural violations, the court will treat plaintiffs' motion as seeking summary judgment against the Arizona defendants under Count 3.

decision on whether qualified immunity applies.  So, while defendants are correct that a genuine dispute of material fact still exists as to whether they acted incompetently in handling custody of I.R. while she was in Arizona, that fact does not preclude a finding of summary judgment on plaintiffs' current motion that there has been a procedural due process violation.

## II.     Constitutional Violation

Plaintiffs argue that the seizure and removal of I.R. from the Phelps' home, and ultimately from her adoptive parents' custody, without complying with the Arizona statutes governing temporary removals, violated their Fourteenth Amendment procedural due process rights.

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 US 319, 332 (1976).  A § 1983 claim based upon the deprivation of procedural due process has three elements:  "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Portman v. Cty. of Santa Clara*, 995 F2d 898, 904 (9th Cir 1993).  Identification of what process is due to the plaintiff under the last element of the test requires consideration of three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 US at 335.  The process is not "a fixed content," but is born out of the particular "time, place, and circumstances" when the deprivation occurred.  *Id.* at 334.

///

5 – FINDINGS & RECOMMENDATION

### A.     <u>Protected Interest</u>

A plaintiff bringing a due process claim must show that there is a protected property or liberty interest at stake. *AlohaCare v. Hawaii, Dep't of Human Servs.*, 567 F Supp 2d 1238, 1262 (D Haw 2008) (citing *Board of Regents v. Roth*, 408 US 564, 569 (1972)), aff'd, 572 F3d 740 (9th Cir 2009). The Arizona defendants argue that violations of state law cannot give rise to a § 1983 claim, citing *Paul v. Davis*, 424 US 693, 699-700 (1976). *Paul* holds that plaintiffs cannot pursue a § 1983 claim in federal court for a liberty or property interest derived from state law. Plaintiffs "cannot assert denial of any rights vouchsafed to [them] by a state, because the Fourteenth Amendment protects only 'liberty' and 'property' interest protected by the Due Process Clause." *Id.* at 712.

However, plaintiffs rely on the Arizona "Parents' Bill of Rights," ARS § 1-601, as the source from which they derive their liberty interests, and that statute codifies what is already a protected federal constitutional right. It has long been held that the right to direct the upbringing of one's child is a fundamental liberty interest under the United States Constitution. *See, e.g.*, *Pierce v. Soc'y of the Sisters of the Holy Names of Jesus & Mary*, 268 US 510, 534-35 (1925) (holding that Oregon state law "interferes with the liberty of parents and guardians to direct the upbringing and education of children under their control"). The Arizona "Parents' Bill of Rights" codifies that fundamental right:

> A. The liberty of parents to direct the upbringing, education, health care and mental health of their children is a fundamental right.
>
> B. This state, any political subdivision of this state or any other governmental entity shall not infringe on these rights without demonstrating that the compelling governmental interest as applied to the child involved is of the highest order, is narrowly tailored and is not otherwise served by a less restrictive means.

ARS § 1-601.  Thus plaintiffs' claim should be construed as alleging a fundamental liberty interest protected by the United States Constitution.

### B.     Procedure

The remaining issue is what the Arizona defendants were constitutionally required to do. Plaintiffs argue that Arizona statutory procedures provide the process that was constitutionally due following I.R.'s removal.  Specifically, plaintiffs allege the Arizona defendants failed to provide procedural due process in numerous ways, including:

1. Pursuant to ARS § 8-823(A)(2) & (B), the Arizona defendants did not provide written notice of removal within 24 hours specifying rights, procedures, reasons for removal, and the factual basis that caused the determination that I.R. was in imminent danger;

2. Pursuant to ARS § 8-821, they did not file a dependency petition for a custody hearing to be held in Arizona;

3. Pursuant to ARS § 8-821(F), they did not return I.R. within 72 hours when no dependency petition was filed;

4. Pursuant to ARS § 8-823(D), they deprived plaintiffs of any discussion regarding placement, visitation, and services; and

5. Pursuant to ARS §§ 25-1010 and 1034, Arizona's codification of the Uniform Child Custody Jurisdiction and Enforcement Act, they deprived plaintiffs of the opportunity to present facts and legal arguments before a decision on jurisdiction was made.

Arizona law supplies requirements for the timing and substance of notice given to a parent or guardian whose child is taken into temporary protective custody:

> If a child is taken into temporary custody pursuant to this article, the interested person, peace officer or child safety worker taking the child into custody shall provide written notice within six hours to the parent or guardian of the child, unless:

> 1. The parent or guardian is present when the child is taken into custody, then written and verbal notice shall be provided immediately.
>
> 2. The residence of the parent or guardian is outside this state and notice cannot be provided within six hours, then written notice shall be provided within twenty-four hours.
>
> 3. The residence of the parent or guardian is not ascertainable, then reasonable efforts shall be made to locate and notify the parent or guardian of the child as soon as possible.

ARS § 8-823(A).

> The notice must also convey certain information to the parent or guardian:
>
>> The written notice shall contain a signature line for the parent or guardian to acknowledge receipt of both written and verbal notices. The written and verbal notices shall contain the name of the person and agency taking the child into custody, the location from which the child was taken and all of the following information:
>>
>> 1. Specific reasons as to why the child is being removed. The notice shall list the specific factors that caused the determination of imminent danger.
>>
>> 2. Services that are available to the parent or guardian, including a statement of parental rights and information on how to contact the ombudsman-citizens aide's office and an explanation of the services that office offers.
>>
>> 3. The date and time of the taking into custody.
>>
>> 4. The name and telephone number of the agency responsible for the child.
>>
>> 5. A statement of the reasons for temporary custody of the child.
>>
>> 6. A statement that the child must be returned within seventy-two hours excluding Saturdays, Sundays and holidays unless a dependency petition is filed and a statement that a child in temporary custody for examination pursuant to § 8-821, subsection B, paragraph 2 must be returned within twelve hours unless abuse or neglect is diagnosed.

ARS § 8-823(B).

8 – FINDINGS & RECOMMENDATION

An Arizona statute also limits the time state officials can hold a child without a court order. Following removal from their home, "[a] child shall not remain in temporary custody for more than seventy-two hours excluding Saturdays, Sundays and holidays unless a dependency petition is filed."[3]  ARS § 8-821(F).

"[T]o determine whether a constitutional violation has occurred [by state officials acting under state law], it is necessary to ask what process the State provided, and whether it was constitutionally adequate." *Zinermon v. Burch*, 494 US 113, 126 (1990). "This inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law." *Id.*

"A fundamental requirement of due process is 'the opportunity to be heard.'" *Armstrong v. Manzo*, 380 US 545, 552 (1965); *see also Goss v. Lopez*, 419 US 565, 579 (1975)(due process requires "*some* kind of notice and . . . *some* kind of hearing")(emphasis added). "It is an opportunity which must be granted at a meaningful time and in a meaningful manner." *Armstrong*, 380 US at 552. The "timing and nature of the required hearing will depend on appropriate accommodation of the competing interests involved" and include the importance of the private interest and the length or finality of the deprivation, the likelihood of government error, and the magnitude of the governmental interests involved. *Logan v. Zimmerman Brush Co.*, 455 US 422, 434 (1982).

The Arizona defendants note that Arizona law was followed in principle because a dependency petition was filed in Oregon prior to expiration of the 72-hour window. Response to

---

[3] A similar procedure under Pennsylvania law, which requires a hearing within 72 hours of the state taking a child under its care, 23 Pa. C.S. § 6315, has been challenged and held numerous times in the Eastern District of Pennsylvania to be constitutionally adequate process. *See Miller v. City of Philadelphia*, 954 F. Supp. 1056, 1061 (E.D. Pa. 1997) (citing previous cases upholding the same procedure) *aff'd*, 174 F.3d 368 (3d Cir. 1999).

9 – FINDINGS & RECOMMENDATION

Motion for Partial Summary Judgment (docket #139), p. 7.  The Arizona defendants removed I.R. on June 25, 2012, and Wirtz filed the dependency petition the next day on June 26, 2012, in the Circuit Court for the County of Clackamas.  *See* Defendants' Statement of Facts (docket #140), Ex. A, p. 4 (removal) & Ex. H (dependency petition).

Even if the Arizona defendants did not strictly adhere to every requirement of Arizona law, a jury could still find that plaintiffs were afforded "an opportunity to be heard. . . granted at a meaningful time and in a meaningful manner."  *Armstrong*, 380 US at 552.  At 9:15 a.m. on June 26, 2012, the day following I.R.'s removal,[4] Wirtz called Richardson.  By that time, Richardson had already spoken with Christman and knew that I.R. had been placed in custody by the Arizona defendants.  Defendants' Statement of Facts, Ex. A, p. 6.  When Richardson seemed confused about why I.R. had been placed in care, Wirtz explained "the investigation and the concern about whether she and Mr. Powell had made an appropriate plan for I.R."  *Id.*

The same is true for the dependency petition.  Wirtz filed the dependency petition on June 26, 2012.  That same day, Wirtz told Richardson over the telephone that ODHS would be seeking temporary custody of I.R. in court that day and that Richardson and Powell needed to appear at the hearing.  *Id*.  Wirtz spoke with Richardson and Powell at the courthouse for "several minutes prior to the court hearing."  *Id*.  The custody proceedings concluded on June 26, 2012, giving Oregon defendants temporary custody of I.R. and granting them leave to travel to Arizona to pick her up.  Amended Motion for Summary Judgment (docket #58), Ex. T.  Richardson and Powell appeared at the hearing, were given a copy of the allegations, and asked by the judge if they understood them.  *Id.*, Ex. T, pp. 5–6.  The court also provided Richardson

---

[4] The Notice of Removal was executed at 4:00 p.m. on June 25, 2012. Motion for Summary Judgment (docket #95), Ex. J.

10 – FINDINGS & RECOMMENDATION

and Powell the opportunity to express their opinion on where I.R. should go once she returned to Oregon.  *Id.*, Ex. T, pp. 13–22.

Based on the evidence explained above, there is a genuine dispute of material fact as to whether plaintiffs were given an "opportunity to be heard . . . given in a meaningful time and in a meaningful manner" that precludes plaintiffs from obtaining summary judgment on their procedural due process claim.

## RECOMMENDATION

Plaintiffs' Motion for Partial Summary Judgment (docket #134) should be denied.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due Friday, October 21, 2016.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED October 4, 2016.

/s/Youlee Yim You
Youlee Yim You
United States Magistrate Judge

11 – FINDINGS & RECOMMENDATION