IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLY J. RICHARDSON, and JAMES
POWELL, personally and as next friend for
I.R., a minor, and S.P., a minor,

                No 3:14-cv-01027-YY

         Plaintiffs,

                ORDER

      v.

EMILIE SCHUBERT, in her individual
capacity, GINGER VAN WINKLE, in
her individual capacity, ERIN WIRTZ,
in her individual capacity, JENNIE SMITH,
in her individual capacity, KRISTIN LEMON,
in her individual capacity, CARLOS CRUTCH,
in his individual capacity, LINDSEY VERNOOY,
in her individual capacity, DANIELLE SANTILI-DAY,
in her individual capacity,

         Defendants.

HERNÁNDEZ, District Judge:

      Magistrate Judge You issued a Findings and Recommendation [148] on October 4, 2016,

in which she recommends that this Court deny Plaintiffs' Motion for Partial Summary Judgment

[134] against Arizona Department of Child Safety workers Emilie Christman (formerly

1 - ORDER

Schubert) and Ginger Van Winkle, (collectively, "Arizona Defendants").  The matter is now

before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure

72(b).

Plaintiffs filed timely objections to the Magistrate Judge's Findings & Recommendation.

When any party objects to any portion of the Magistrate Judge's Findings & Recommendation,

the district court must make a *de novo* determination of that portion of the Magistrate Judge's

report.  28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United

States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Plaintiffs object to Judge You's conclusion that there is a genuine issue of material fact

regarding whether Arizona Defendants violated Plaintiffs' Fourteenth Amendment procedural

due process rights when they seized I.R. and "delivered her into the custody of the State of

Oregon without providing a hearing." F&R 3, ECF 148. According to Plaintiffs, Arizona

Defendants' failure to comply with Arizona law regarding temporary removals of children

necessarily violated their procedural due process rights. Judge You, on the other hand, concluded

that even if Arizona Defendants did not strictly adhere to every requirement of Arizona law, a

jury could still find that Plaintiffs did not suffer a due process violation.

"To obtain relief on § 1983 claims based upon procedural due process, the plaintiff must

establish the existence of  '(1) a liberty or property interest protected by the Constitution; (2) a

deprivation of the interest by the government; [and] (3) lack of process.'" Guatay Christian

Fellowship v. Cty. of San Diego, 670 F.3d 957, 983 (9th Cir. 2011) (quoting Portman v. Cty. of

Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993)). Here, the parties agree that Plaintiffs have a

liberty interest protected by the Constitution and that they suffered a deprivation of that interest

by the government. See Pierce v. Soc'y of the Sisters of the Holy Names of Jesus & Mary, 268

2 - ORDER

U.S. 510, 534 (1925) (the right to direct the upbringing of one's child is a fundamental liberty

interest). However, there is a genuine issue of material fact as to whether Plaintiffs suffered a

"lack of process."

Judge You concluded that there is an issue of fact as to whether Plaintiffs received due

process because, even though Arizona Defendants failed to comply with the requirements under

Arizona law, Plaintiffs were nevertheless provided notice and a hearing in Oregon. Plaintiffs

object, contending that only "strict statutory compliance" with Arizona law would constitute due

process. Pls.' Obj. 6, ECF 150.

Plaintiffs' objections are unavailing. The Ninth Circuit has explained that

> when a state establishes procedures to protect a liberty interest that arises from the
> Constitution itself—like a parent's liberty interest here—the state does not thereby
> create a new constitutional right to those procedures themselves, and non-
> compliance with those procedures does not necessarily violate the Due Process
> Clause. See Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994) ("[I]f state
> procedures rise above the floor set by the due process clause, a state could fail to
> follow its own procedures yet still provide sufficient process to survive
> constitutional scrutiny.")
>
> * * *
>
> Rather, the Due Process Clause itself determines what process is due before the
> state may deprive someone of a protected liberty interest. See Mathews v.
> Eldridge, 424 U.S. 319, 334–35, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (setting forth
> the factors used in determining whether procedural protections are adequate under
> the Due Process Clause).

James v. Rowlands, 606 F.3d 646, 657 (9th Cir. 2010). Here, a jury could reasonably conclude

that the process provided to Plaintiffs by virtue of having a hearing in Oregon satisfied the Due

Process Clause. A jury could also conclude that Plaintiffs' procedural due process rights were, in

fact, violated. The existence of these two possible outcomes demonstrates why summary

judgment would be inappropriate.

3 - ORDER

The Court has carefully considered Plaintiffs' objections and concludes there is no basis to modify the Findings & Recommendation.  The Court also reviewed the pertinent portions of the record *de novo* and finds no other errors in the Magistrate Judge's Findings & Recommendation.

CONCLUSION

The Court ADOPTS Magistrate Judge You's Findings & Recommendation [148]. Accordingly, Plaintiffs' Motion for Partial Summary Judgment [134] is denied.

IT IS SO ORDERED.

DATED this _____ day of November, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge

4 - ORDER